# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jesse James Spellman,           :
                 Appellant    :
                           :
           v.            :   No. 124 C.D. 2017
                           :   Argued: November 15, 2017
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing       :


BEFORE:    **HONORABLE MARY HANNAH LEAVITT,** President Judge
              **HONORABLE RENÉE COHN JUBELIRER,** Judge
              **HONORABLE ROBERT SIMPSON,** Judge
              **HONORABLE P. KEVIN BROBSON,** Judge
              **HONORABLE ANNE E. COVEY,** Judge
              **HONORABLE MICHAEL H. WOJCIK,** Judge
              **HONORABLE JOSEPH M. COSGROVE,** Judge[1]


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**          **FILED: January 3, 2018**

Jesse James Spellman (Licensee) appeals from the January 11, 2017 Order of the Court of Common Pleas of Erie County (common pleas) denying his appeal from an 18-month suspension of his operating privilege imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), under Section 1547(b)(1)(ii) of the Vehicle Code, 75 Pa. C.S. § 1547(b)(1)(ii),

---

[1] This decision was reached before the conclusion of Judge Cosgrove's service with this Court on December 31, 2017.

commonly referred to as the Implied Consent Law.[2] On appeal, Licensee argues that because the officer who stopped Licensee did not warn him that he would be subject to enhanced criminal penalties if he refused a chemical test of his blood, as then ostensibly required by Section 1547(b)(2)(ii) of the Vehicle Code, 75 Pa. C.S. § 1547(b)(2)(ii), DOT should not have suspended his operating privilege.[3] For the reasons set forth in *Garlick v. Department of Transportation, Bureau of Driver*

---

[2] Section 1547(b)(1)(ii) reads, in pertinent part, as follows:

(1) If any person placed under arrest for a violation of section 3802 [relating to driving under influence of alcohol or controlled substance] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows:

. . .

(ii) for a period of 18 months if any of the following apply:
   (A) The person's operating privileges have previously been suspended under this subsection.
   (B) The person has, prior to the refusal under this paragraph, been sentenced for:
      (I)     an offense under section 3802;
      (II)    an offense under former section 3731
      (III)   an offense equivalent to an offense under subclause (I) or (II); or
      (IV)   a combination of the offenses set forth in this clause.

75 Pa. C.S. § 1547(b)(1)(ii).

[3] Former Section 1547(b)(2)(ii) provided as follows:

It shall be the duty of the police officer to inform the person that: . . . (ii) if the person refuses to submit to chemical testing, upon conviction or plea for violating section 3802(a)(1) [of the Vehicle Code], the person will be subject to the penalties provided in section 3804(c) [of the Vehicle Code] (relating to penalties).

*Former* 75 Pa. C.S. § 1547(b)(2)(ii).

*Licensing*, __ A.3d __, (Pa. Cmwlth., No. 48 C.D. 2017, filed Jan. 3, 2018) (en banc), slip op. at 10-11,13, we affirm.[4]

The following facts are not in dispute. DOT informed Licensee that his operating privilege was suspended for 18 months as a result of his failure to submit to a chemical test of his blood on August 2, 2016. Licensee appealed to common pleas pursuant to Section 1550(a) of the Vehicle Code, 75 Pa. C.S. § 1550(a), and a hearing was held.[5]

At the hearing, the parties stipulated to the following: DOT met its burden of establishing that the police officer who arrested Licensee had reasonable grounds to believe he was driving a motor vehicle under the influence of alcohol (DUI); that the officer requested Licensee to submit to a chemical test of his blood; he refused to do so; and the officer warned Licensee about the consequences of refusing. In warning

---

[4] We have set forth the legal background leading up to and following Licensee's arrest in the companion appeal, *Garlick*, __ A.3d at __, slip op. at 2-5, which we summarize here. Shortly before Licensee was stopped, the United States Supreme Court held in *Birchfield v. North Dakota*, 136 S.Ct. 2160, 2184-85 (2016), the following: the search-incident-to-arrest exception to the warrant requirement does not justify a warrantless search of a motorist's blood; implied consent under an implied consent law does not justify the warrantless search of a motorist's blood; and a state may not impose criminal penalties on a motorist for refusing a blood test requested under an implied consent law. After Licensee's arrest, the Superior Court held, based on *Birchfield*, that it is "partially inaccurate" to warn a licensee that he may be subject to enhanced criminal penalties if he refuses a blood test requested under the Implied Consent Law. *Commonwealth v. Evans*, 153 A.3d 323, 331 (Pa. Super. 2016). Therefore, the results of such a blood test must be suppressed, and an enhanced sentence based on a licensee's refusal to submit to such a blood test must be vacated. *Commonwealth v. Giron*, 155 A.3d 635, 640 (Pa. Super. 2017). In short, "in the absence of a warrant or exigent circumstances justifying a search, a defendant who refuses to provide a blood sample when requested by police is not subject to . . . enhanced [**criminal**] penalties." *Id.* In July 2017, the General Assembly amended Sections 1547(b)(2)(ii) and 3804(c) of the Vehicle Code, 75 Pa. C.S. § 3804(c), so as to eliminate enhanced criminal penalties for refusing to submit to a blood test and the warning associated therewith. Section 4 of Act of July 20, 2017, P.L. 333.

[5] Section 1550(a) provides that "[a]ny person . . . whose operating privilege has been . . . suspended . . . by the department shall have the right to appeal to the court vested with jurisdiction of such appeals . . . ." 75 Pa. C.S. § 1550(a).

Licensee about the consequences of refusing a test of his blood, the officer read from DOT Form DL-26, which was marked "USE THIS FORM FOR BLOOD ONLY." (Reproduced Record (R.R.) at 18a, 43a.) Form DL-26 read as follows:

1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.

2. I am requesting that you submit to a chemical test of blood . . . .

3. If you refuse to submit to the chemical test, your operating privilege will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of driving under the influence, you will be suspended for up to 18 months.

4. You have no right to speak with an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to chemical testing, you will have refused the test.

(R.R. at 43a.) The parties agreed that the Form DL-26 read to Licensee did not contain a warning that Licensee would be subject to enhanced criminal penalties if he refused to submit to a test of his blood, even though, at that time, the language of Section 1547(b)(2)(ii) ostensibly still required it. (R.R. at 18a.)

Counsel for DOT explained during the hearing that following the decision of the United States Supreme Court in *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016), the Pennsylvania District Attorneys Association and a number of county district attorneys requested that DOT remove the enhanced criminal penalty warning from Form DL-26 when requesting a blood test out of concern that, if given, the warning would jeopardize potential DUI convictions. DOT agreed to remove the warning.

4

Licensee argued that notwithstanding the decision in *Birchfield*, the General Assembly had not amended Section 1547(b)(2)(ii) and, therefore, the enhanced criminal penalty warning for refusing a blood test still had to be given to a licensee. Since Licensee was not given that warning, his license could not be suspended.

Common pleas denied Licensee's appeal and reinstated his 18-month suspension, concluding that DOT met its burden of proof and, Licensee, in opposition, failed to prove that he was incapable of making a knowing and conscious refusal. (Common Pleas Order, Jan. 11, 2017.) In its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925, Pa. R.A.P. 1925, common pleas concluded that in light of *Birchfield* and subsequent Pennsylvania law applying *Birchfield*, the Form DL-26 read to Licensee was accurate. (Common Pleas Op. at 9, Mar. 6, 2017). Common pleas recounted that following *Birchfield*, the Superior Court held that, "in the absence of a warrant or exigent circumstances," a licensee could not be subject to enhanced criminal penalties for refusing a blood test. (*Id.* at 8 (quoting *Commonwealth v. Giron*, 155 A.3d 635, 640 (Pa. Super. 2017).) Therefore, common pleas concluded, a police officer cannot warn a licensee about the potential of an enhanced criminal penalty for refusing a blood test because to do so would be "unduly coercive and deceivingly inaccurate." (*Id.* at 9.) The officer here, common pleas held, performed his duty by limiting his warning to Licensee that Licensee's refusal to submit to a blood test would result in a suspension of Licensee's operating privilege, and that was what DOT imposed when Licensee refused. (*Id.* at 9-10.)

On appeal,[6] Licensee argues that, at the time the Form DL-26 was read to him, it did not conform with the mandate contained in Section 1547(b)(2)(ii) in that he was not informed that his refusal would subject him to enhanced criminal penalties and, therefore, his operating privilege should not have been suspended. Licensee further argues that *Birchfield* has no bearing on civil license suspension proceedings, and Pennsylvania law has distinguished between civil license suspension proceedings and criminal proceedings, indicating that the latter does not affect the former.

This Court addressed these same issues in the companion case of *Garlick*, __ A.3d at __, slip op. at 8-9. For the reasons set forth in *Garlick*, __ A.3d at __, slip op. at 10-11, 13, we conclude that DOT met its burden of proving that Licensee was specifically warned about the consequences of refusing a blood test, which is the suspension of his license, and, to the extent Licensee argues otherwise, he did not prove that his refusal was not knowing and conscious. *See Martinovic v. Dep't of Transp., Bureau of Driver Licensing*, 881 A.2d 30, 34 (Pa. Cmwlth. 2005) (noting that in order for DOT to meet its prima facie burden establishing its entitlement to suspend a licensee's operating privilege, DOT must show, *inter alia*, that the licensee was "specifically warned" about the consequences of refusing a chemical test). Post-*Birchfield*, enhanced criminal penalties for refusing a blood test requested under the Implied Consent Law are no longer constitutionally permissible and, thus, not a consequence of such a refusal. Even though the General Assembly did not immediately amend Section 1547(b)(2)(ii) following *Birchfield*, the effect of

---

[6] Our standard of review is limited to determining whether common pleas committed an error of law, whether common pleas abused its discretion, or whether the findings of fact are supported by substantial evidence. *Reinhart v. Dep't of Transp., Bureau of Driver Licensing*, 954 A.2d 761, 765 n.3 (Pa. Cmwlth. 2008).

*Birchfield* was to render the criminal penalties warned of in Section 1547(b)(2)(ii) as applied to blood testing unenforceable and to effectively sever that section from the rest of the Vehicle Code. *See* Section 1925 of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1925 ("The provisions of every statute shall be severable" with certain exceptions not applicable here). Therefore, common pleas properly denied Licensee's appeal.

Accordingly, the January 11, 2017 Order of common pleas is affirmed.

 

_____
**RENÉE COHN JUBELIRER,** Judge


Judge Cosgrove concurs in result only.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jesse James Spellman,           :
          Appellant     :
                           :
          v.             :    No. 124 C.D. 2017
                           :
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing      :

## **O R D E R**

    **NOW**, January 3, 2018, the Order of the Court of Common Pleas of Erie County, dated January 11, 2017, is **AFFIRMED**.

<br>

                               _____

                               **RENÉE COHN JUBELIRER,** Judge