# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Mark Campoli,                :
                 Appellant       :
                             :
              v.            :   No. 941 C.D. 2017
                             :   Submitted:  November 9, 2017
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing       :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**              **FILED:  January 5, 2018**

Richard Mark Campoli (Licensee) appeals from the June 22, 2017 Order of the Court of Common Pleas of Delaware County (common pleas) denying his appeal from a one-year suspension of his operating privilege imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), under Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa. C.S. § 1547(b)(1)(i),[1] and from a one-year disqualification of his privilege to drive a

---

[1] Section 1547(b)(1)(i), commonly referred to as the Implied Consent Law, reads, in pertinent part, as follows:

    (1) If any person placed under arrest for a violation of section 3802 [relating to driving under influence of alcohol or controlled substance] is requested to

commercial motor vehicle under Section 1613(d.1) of the Vehicle Code, 75 Pa. C.S. § 1613(d.1).[2] On appeal, Licensee argues that because the officer who stopped Licensee did not warn him that he would be subject to enhanced criminal penalties if he refused a chemical test of his blood, as then ostensibly required by Section 1547(b)(2)(ii) of the Vehicle Code, 75 Pa. C.S. § 1547(b)(2)(ii), DOT should not have suspended his operating privilege nor disqualified him from driving a commercial motor vehicle.[3] For the reasons set forth in *Garlick v. Department of*

---

submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows:

   (i)   Except as set forth in subparagraph (ii), for a period of 12 months.

75 Pa. C.S. § 1547(b)(1)(i).

[2] Section 1613(d.1) states, in relevant part, as follows:

Upon receipt of a report of test refusal, the department shall disqualify the person who is the subject of the report for the same period as if the department had received a report of the person's conviction for violating one of the offenses listed in section 1611(a) (relating to disqualification).

75 Pa. C.S. § 1613(d.1). Section 1611(a)(1) of the Vehicle Code provides, in turn, that

[u]pon receipt of a report of conviction, the department shall, in addition to any other penalties imposed under this title, disqualify any person from driving a commercial motor vehicle or school vehicle for a period of one year for the first violation of:. . . section 3802 (relating to driving under influence of alcohol or controlled substance) . . . where the person was a commercial driver at the time the violation occurred.

75 Pa. C.S. § 1611(a)(1).

[3] Former Section 1547(b)(2)(ii) provided as follows:

It shall be the duty of the police officer to inform the person that: . . . (ii) if the person refuses to submit to chemical testing, upon conviction or plea for violating

2

*Transportation, Bureau of Driver Licensing*, __ A.3d __, (Pa. Cmwlth., No. 48 C.D. 2017, filed Jan. 3, 2018) (en banc), slip op. at 10-11, 13, we affirm.[4]

The following facts are not in dispute. DOT informed Licensee that his operating privilege was suspended for one year as a result of his failure to submit to a chemical test of his blood on July 30, 2016. DOT also informed Licensee that he was disqualified from the privilege of driving a commercial motor vehicle for one year. Licensee appealed to common pleas pursuant to Section 1550(a) of the Vehicle Code, 75 Pa. C.S. § 1550(a), and a hearing was held.[5]

---

> section 3802(a)(1) [of the Vehicle Code], the person will be subject to the penalties provided in section 3804(c) [of the Vehicle Code] (relating to penalties).

*Former* 75 Pa. C.S. § 1547(b)(2)(ii).

[4] We have set forth the legal background leading up to and following Licensee's arrest in *Garlick*, __ A.3d at __, slip op. at 2-5, which we summarize here. Shortly before Licensee was stopped, the United States Supreme Court held in *Birchfield v. North Dakota*, 136 S.Ct. 2160, 2184-85 (2016), the following: the search-incident-to-arrest exception to the warrant requirement does not justify a warrantless search of a motorist's blood; implied consent under an implied consent law does not justify the warrantless search of a motorist's blood; and a state may not impose criminal penalties on a motorist for refusing a blood test requested under an implied consent law. After Licensee's arrest, the Superior Court held, based on *Birchfield*, that it is "partially inaccurate" to warn a licensee that he may be subject to enhanced criminal penalties if he refuses a blood test requested under the Implied Consent Law. *Commonwealth v. Evans*, 153 A.3d 323, 331 (Pa. Super. 2016). Therefore, the results of such a blood test must be suppressed, and an enhanced sentence based on a licensee's refusal to submit to such a blood test must be vacated. *Commonwealth v. Giron*, 155 A.3d 635, 640 (Pa. Super. 2017). In short, "in the absence of a warrant or exigent circumstances justifying a search, a defendant who refuses to provide a blood sample when requested by police is not subject to . . . enhanced [**criminal**] penalties." *Id.* In July 2017, the General Assembly amended Sections 1547(b)(2)(ii) and 3804(c) of the Vehicle Code, 75 Pa. C.S. §§ 1547(b)(2)(ii), 3804(c), so as to eliminate enhanced criminal penalties for refusing to submit to a blood test and the warning associated therewith. Section 4 of Act of July 20, 2017, P.L. 333.

[5] Section 1550(a) provides that "[a]ny person . . . whose operating privilege has been . . . suspended . . . by the department shall have the right to appeal to the court vested with jurisdiction of such appeals . . . ." 75 Pa. C.S. § 1550(a).

3

At the hearing, testimony was presented that on July 30, 2016, at 12:43 a.m., Dennis Killian, a police officer with Aston Township, stopped Licensee's vehicle. While Officer Killian spoke with Licensee, Officer Killian noticed that Licensee was slurring his speech and that a strong odor of alcohol was emanating from the interior of the vehicle. When asked, Licensee acknowledged that he had been drinking. Officer Killian administered field sobriety tests to Licensee, which Licensee failed. As a result, Officer Killian arrested Licensee.

Officer Killian then read to Licensee DOT Form DL-26B, which advised Licensee as follows:

1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.

2. I am requesting that you submit to a chemical test of blood.

3. If you refuse to submit to the blood test, your operating privilege will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of driving under the influence, you will be suspended for up to 18 months.

4. You have no right to speak with an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

(Reproduced Record (R.R.) at 49a.) It is undisputed that Officer Killian did not warn Licensee that if he refused a chemical test of his blood he would be subject to enhanced criminal penalties even though, at that time, the language of Section 1547(b)(2)(ii) ostensibly still required it. After Officer Killian read Form DL-26B to Licensee, Licensee refused to submit to a draw of his blood. Officer Killian again

4

read Form DL-26B to Licensee at the stationhouse, but Licensee again refused to submit to a blood test.

Following the hearing, Licensee submitted a memorandum arguing that the omission in Form DL-26B, in not warning Licensee that his refusal would subject him to enhanced criminal penalties, violated Section 1547(b)(2)(ii) and, thus, DOT did not meet its burden of proving that Licensee was properly and adequately warned. Licensee noted that DOT amended Form DL-26B to remove the warning required by Section 1547(b)(2)(ii) following the decision of the United States Supreme Court in *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016). However, the language of Section 1547(b)(2)(ii) is mandatory, Licensee argued, and it is up to the General Assembly, not DOT, to decide what warnings must be given to a licensee under the Implied Consent Law.

In the Order dated June 22, 2017, common pleas denied Licensee's appeal and reinstated the suspension of his operating privilege and disqualification of his privilege to operate a commercial motor vehicle. (Common Pleas Order, June 22, 2017.)

On appeal,[6] Licensee does not contest whether there were reasonable grounds for his arrest, whether he was asked to submit to a chemical test, or whether he refused to do so. Rather, the sole issue Licensee presents is whether the omission from Form DL-26B that he would be subject to enhanced criminal penalties violated Section 1547(b)(2)(ii) such that DOT did not meet its burden of proof and, thus, his operating privileges should not have been suspended. Licensee asserts that DOT has

---

[6] Our standard of review is limited to determining whether common pleas committed an error of law, whether common pleas abused its discretion, or whether the findings of fact are supported by substantial evidence. *Reinhart v. Dep't of Transp., Bureau of Driver Licensing*, 954 A.2d 761, 765 n.3 (Pa. Cmwlth. 2008).

no authority to rewrite Section 1547(b)(2)(ii), and that, until the General Assembly amended Section 1547(b)(2)(ii), DOT had to follow that provision even after the decision in *Birchfield*.

The argument Licensee raises is the same as was raised in *Garlick*, __ A.3d at __, slip op. at 8-9. For the reasons set forth in *Garlick*, __ A.3d at __, slip op. at 10-11, 13, we conclude that DOT met its burden of proving that Licensee was specifically warned about the consequences of refusing a blood test, that is, the suspension of his license.[7] *See Martinovic v. Dep't of Transp., Bureau of Driver Licensing*, 881 A.2d 30, 34 (Pa. Cmwlth. 2005) (noting that in order for DOT to meet its prima facie burden establishing its entitlement to suspend a licensee's operating privilege, DOT must show, *inter alia*, that the licensee was "specifically warned" about the consequences of refusing a chemical test). Post-*Birchfield*, enhanced criminal penalties for refusing a blood test requested under the Implied Consent Law are no longer constitutionally permissible and, thus, not a permissible consequence of such a refusal. Even though the General Assembly did not immediately amend Section 1547(b)(2)(ii) following *Birchfield*, the effect of *Birchfield* was to render the criminal penalties warned of in Section 1547(b)(2)(ii) as applied to blood testing unenforceable and to effectively sever that section from the rest of the Vehicle Code. *See* Section 1925 of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1925 ("The provisions of every statute shall be severable" with certain exceptions not applicable here). Therefore, common pleas properly denied Licensee's appeal.

Accordingly, the June 22, 2017 Order of common pleas is affirmed.

---

[7] The same issue was also raised in *Spellman v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 124 C.D. 2017, filed Jan. 3, 2018) (en banc), slip op. at 1-2.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Mark Campoli, :
                           Appellant :
                                   :
                 v. : No. 941 C.D. 2017
                                   :
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing :

## O R D E R

NOW, January 5, 2018, the Order of the Court of Common Pleas of Delaware County, dated June 22, 2017, is **AFFIRMED**.

 

_____
**RENÉE COHN JUBELIRER,** Judge