# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Scott Hudy, : 
       Appellant : 
           : 
      v. :   No. 784 C.D. 2017
           :   Submitted: February 2, 2018
Commonwealth of Pennsylvania, : 
Department of Transportation, : 
Bureau of Driver Licensing : 


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
       HONORABLE PATRICIA A. McCULLOUGH, Judge
       HONORABLE JAMES GARDNER COLINS, Senior Judge


**<u>OPINION NOT REPORTED</u>**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**       **FILED: March 27, 2018**

   Michael Scott Hudy (Licensee) appeals from the May 24, 2017 Order of the Court of Common Pleas of Erie County (common pleas) denying his appeal from a one-year suspension of his operating privilege imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), under Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa. C.S. § 1547(b)(1)(i), commonly referred to as the Implied Consent Law.[1]  On appeal, Licensee argues

---

[1] Section 1547(b)(1)(i) reads, in pertinent part, as follows:

 (1) If any person placed under arrest for a violation of section 3802 [relating to driving under influence of alcohol or controlled substance] is requested to submit to chemical testing and refuses to do so, the testing shall not be

that, because the Pennsylvania State Trooper (Trooper) who stopped Licensee did not warn him that he would be subject to enhanced criminal penalties if he refused a chemical test of his blood, as then ostensibly required by Section 1547(b)(2)(ii) of the Vehicle Code, 75 Pa. C.S. § 1547(b)(2)(ii), DOT should not have suspended his operating privilege.[2] For the reasons set forth in *Garlick v. Department of Transportation, Bureau of Driver Licensing*, 176 A.3d 1030 (Pa. Cmwlth. 2018) (en banc), we affirm.

The following facts are not in dispute. DOT informed Licensee that his operating privilege was suspended for one year as a result of his failure to submit to a chemical test of his blood on November 29, 2016. Licensee appealed to common pleas pursuant to Section 1550(a) of the Vehicle Code, 75 Pa. C.S. § 1550(a), and a hearing was held.[3]

At the hearing, testimony was presented that on November 29, 2016, Trooper responded to a single-car accident at the intersection of Forest Drive and Route 6N

---

conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows:

   (i)   Except as set forth in subparagraph (ii), for a period of 12 months.

75 Pa. C.S. § 1547(b)(1)(i).

[2] Former Section 1547(b)(2)(ii) provided as follows:

It shall be the duty of the police officer to inform the person that: . . . (ii) if the person refuses to submit to chemical testing, upon conviction or plea for violating section 3802(a)(1) [of the Vehicle Code], the person will be subject to the penalties provided in section 3804(c) [of the Vehicle Code] (relating to penalties).

*Former* 75 Pa. C.S. § 1547(b)(2)(ii).

[3] Section 1550(a) provides that "[a]ny person . . . whose operating privilege has been . . . suspended . . . by the department shall have the right to appeal to the court vested with jurisdiction of such appeals . . . ." 75 Pa. C.S. § 1550(a).

2

in Edinboro. At the scene, Trooper determined that Licensee was the operator of the vehicle. Because Licensee was "acting in a strange manner," Trooper requested Licensee submit to a field sobriety test. (Hr'g Tr. at 6-7, Reproduced Record (R.R.) at 17a-18a.) Licensee refused. Trooper asked if Licensee would submit to a blood test, but he again refused. Trooper placed Licensee under arrest on suspicion of driving under the influence of alcohol and had Licensee brought to the Edinboro University Police Department. There, Trooper read to Licensee DOT Form DL-26B, which advised Licensee as follows:

1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.

2. I am requesting that you submit to a chemical test of blood.

3. If you refuse to submit to the blood test, your operating privilege will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of driving under the influence, you will be suspended for up to 18 months.

4. You have no right to speak with an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

(R.R. at 29a.) It is undisputed that Trooper did not warn Licensee that if he refused a chemical test of his blood he would be subject to enhanced criminal penalties even though, at that time, the language of Section 1547(b)(2)(ii) ostensibly still required it. Licensee refused to submit to a chemical test of his blood.

At the conclusion of the hearing, Licensee argued that DOT's suspension of his operating privilege was invalid because Trooper did not advise Licensee that his refusal would subject him to enhanced criminal penalties in violation of Section

3

1547(b)(2)(ii). DOT responded that it amended its Form DL-26B at the request of the Pennsylvania District Attorneys Association and other county district attorneys following the decision of the United States Supreme Court in *Birchfield v. North Dakota*, __ U.S. __, 136 S. Ct. 2160 (2016).

Five months before Licensee was stopped, the United States Supreme Court held in *Birchfield*, the following: the search-incident-to-arrest exception to the warrant requirement does not justify a warrantless search of a motorist's blood; implied consent under an implied consent law does not justify the warrantless search of a motorist's blood; and a state may not impose criminal penalties on a motorist for refusing a blood test requested under an implied consent law. After Licensee's arrest, the Superior Court held, based on *Birchfield*, that it is "partially inaccurate" to warn a licensee that he may be subject to enhanced criminal penalties if he refuses a blood test requested under the Implied Consent Law. *Commonwealth v. Evans*, 153 A.3d 323, 331 (Pa. Super. 2016). Therefore, the results of such a blood test must be suppressed, and an enhanced sentence based on a licensee's refusal to submit to such a blood test must be vacated. *Commonwealth v. Giron*, 155 A.3d 635, 640 (Pa. Super. 2017). In short, "in the absence of a warrant or exigent circumstances justifying a search, a defendant who refuses to provide a blood sample when requested by police is not subject to . . . enhanced [**criminal**] penalties." *Id.* In July 2017, the General Assembly amended Sections 1547(b)(2)(ii) and 3804(c) of the Vehicle Code, 75 Pa. C.S. §§ 1547(b)(2)(ii), 3804(c), so as to eliminate enhanced criminal penalties for refusing to submit to a blood test and the warning associated therewith. Sections 3 and 4 of the Act of July 20, 2017, P.L. 333. *See Garlick*, 176 A.3d at 1032-33.

In the Order dated May 24, 2017, common pleas denied Licensee's appeal and reinstated the suspension of his operating privilege. (Common Pleas Order, May 24, 2017.)

On appeal,[4] Licensee does not contest whether there were reasonable grounds for his arrest, whether he was asked to submit to a chemical test, or whether he refused to do so. Rather, the sole issue Licensee presents is whether the omission from Form DL-26B that he would be subject to enhanced criminal penalties violated Section 1547(b)(2)(ii) such that DOT did not meet its burden of proof and, thus, his operating privilege should not have been suspended. Licensee asserts that DOT has no authority to rewrite Section 1547(b)(2)(ii), and that, until the General Assembly amended Section 1547(b)(2)(ii), DOT had to follow that provision even after the decision in *Birchfield*.

The argument Licensee raises is the same as was raised in *Garlick*, 176 A.3d at 1035. For the reasons set forth in *Garlick*, *id.* at 1036, we conclude that DOT met its burden of proving that Licensee was specifically warned about the consequences of refusing a blood test, that is, the suspension of his license. *See Martinovic v. Dep't of Transp., Bureau of Driver Licensing*, 881 A.2d 30, 34 (Pa. Cmwlth. 2005) (noting that in order for DOT to meet its prima facie burden establishing its entitlement to suspend a licensee's operating privilege, DOT must show, *inter alia*, that the licensee was "specifically warned" about the consequences of refusing a chemical test). Post-*Birchfield*, enhanced criminal penalties for refusing a blood test requested under the Implied Consent Law are no longer constitutionally permissible

---

[4] Our standard of review is limited to determining whether common pleas committed an error of law, whether common pleas abused its discretion, or whether the findings of fact are supported by substantial evidence. *Reinhart v. Dep't of Transp., Bureau of Driver Licensing*, 954 A.2d 761, 765 n.3 (Pa. Cmwlth. 2008).

and, thus, not a permissible consequence of such a refusal. Even though the General Assembly did not immediately amend Section 1547(b)(2)(ii) following *Birchfield*, the effect of *Birchfield* was to render the criminal penalties warned of in Section 1547(b)(2)(ii) as applied to blood testing unenforceable and to effectively sever that section from the rest of the Vehicle Code. *See* Section 1925 of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1925 ("The provisions of every statute shall be severable" with certain exceptions not applicable here). Therefore, common pleas properly denied Licensee's appeal.

Accordingly, the May 24, 2017 Order of common pleas is affirmed.


_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Scott Hudy,                      :
                    Appellant           :
                                         :
           v.                            :      No. 784 C.D. 2017
                                         :
Commonwealth of Pennsylvania,            :
Department of Transportation,            :
Bureau of Driver Licensing               :

# **O R D E R**

**NOW**, March 27, 2018, the Order of the Court of Common Pleas of Erie County, dated May 24, 2017, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge