624 A.2d 792

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING

v.

**Jeffrey LOHNER, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 18, 1992.

Decided April 21, 1993.

186

David C. Martin, Jr., for appellant.

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, for appellee.

Before DOYLE and FRIEDMAN, JJ., and KELTON, Senior Judge.

FRIEDMAN, Judge:

Jeffrey Lohner (Lohner) appeals from an order of the Court of Common Pleas of Allegheny County which dismissed his statutory appeal from a one-year driver's license suspension imposed by the Department of Transportation (DOT) for Lohner's refusal to submit to chemical testing in accordance with Section 1547(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b). We affirm.[1]

On August 22, 1991, the Pittsburgh Police arrested Lohner and charged him with driving under the influence. Lohner was taken to the police station and given a breathalyzer test. Lohner's first sample provided a reading of .175. After seeing this result, Lohner refused to blow properly for the second test; nevertheless, the police obtained a second reading of .162. Despite providing a reading for the second sample, the breathalyzer machine registered a "deficient sample" indicating that the machine did not get enough air to make a proper analysis. Lohner refused to provide additional samples.

DOT notified Lohner that his driving privileges would be suspended for one year as a result of his refusal to submit to the breathalyzer test. Lohner appealed this suspension to the trial court, which held a *de novo* hearing, and dismissed Lohner's appeal.

On appeal,[2] Lohner argues that DOT did not establish a *prima facie* case versus him.

1. This case was originally submitted to a panel consisting of Judge Doyle, Judge Friedman and Senior Judge Barry. Because of the untimely death of Judge Barry, the case was submitted to Senior Judge Kelton as a member of the panel.

2. In reviewing a driver's license suspension case, this Court's scope of review of a trial court's decision after a hearing *de novo* is limited to determining whether the findings of fact of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

■ In order to establish a *prima facie* case in support of a Section 1547(b) license suspension, DOT must prove that the licensee: (1) was placed under arrest for driving under the influence; (2) was requested to submit to chemical testing; (3) was informed that a refusal to submit to such testing would result in a suspension of operating privileges; and (4) that the licensee refused to submit to chemical testing. *Department of Transportation, Bureau of Driver Licensing v. Kilrain,* 140 Pa.Commonwealth Ct. 484, 593 A.2d 932 (1991), *appeal denied,* 529 Pa. 625, 600 A.2d 541 (1991).

The parties do not dispute that DOT established the first three elements set forth above. However, Lohner argues that he did not refuse to submit to chemical testing because he fully complied with the breath test regulations by providing two consecutive breath test results within the proscribed statutory differentials. The issue before us is whether a breath test result which the breathalyzer machine notes as a "deficient sample" constitutes a per se refusal to submit to chemical testing.

67 Pa.Code Section 77.24(b) outlines proper breath test procedures. A proper breath test under the regulations must contain two elements. First, the licensee must provide two consecutive breath samples without a required waiting period between them. Additionally, the two samples cannot differ by .02 or more. Unless both elements are present, there is no test. *Bonise v. Department of Transportation,* 102 Pa.Commonwealth Ct. 6, 517 A.2d 219 (1986).

This court has held that the failure to supply a sufficient breath sample is a per se refusal, *Kilrain,* 140 Pa.Commonwealth Ct. at 490, 593 A.2d at 935, unless the licensee offers medical evidence that he or she was unable to provide sufficient breath. *Department of Transportation, Bureau of Traffic Safety v. Jones,* 38 Pa.Commonwealth Ct. 400, 395 A.2d 592 (1978).

This court addressed deficient breath samples in *Department of Transportation, Bureau of Driver Licensing v. Pestock,* 136 Pa.Commonwealth Ct. 694, 584 A.2d 1075 (1990),

*appeal denied,* 528 Pa. 619, 596 A.2d 801 (1991). In *Pestock,* the breathalyzer machine was properly calibrated, and two consecutive breath test results were obtained which were within the statutory differentials; however, the machine indicated that both samples were deficient. We stated that although the regulation does not address the situation of deficient samples (which in this instance, happen to be within .02 of each other), we must conclude that such samples do not constitute "actual breath tests." *Pestock,* 136 Pa.Commonwealth Ct. at 700, 584 A.2d at 1078.

We based our holding in *Pestock* on the fact that the defendant continually allowed air to escape from around the sides of the machine's mouthpiece. Citing *Budd Appeal,* 65 Pa.Commonwealth Ct. 314, 442 A.2d 404 (1982), we reasoned that such conduct evidences less than a total conscious effort and is tantamount to a refusal to take the test.

Lohner submitted to the breathalyzer twice; however, the trial court specifically found that Lohner made only one valid breath test.[3] The trial court determined that Lohner's second sample was invalid because the breathalyzer machine printout registered a "deficient sample".[4] The trial judge also stated that Lohner "would not blow properly for the second test."

Lohner contends that there is a presumption for the validity of the second test because although the machine signaled a "deficient sample," the two test results were within .02 of each other. Based on *Pestock,* we must disagree. We hold that it is unnecessary to inquire as to whether Lohner's conduct was "less than a total conscious effort." What is determinative of the resolution of this matter is the breathalyzer machine printout. Even when all of the other Code criteria have been met, if the printout from a properly cali-

3. As long as sufficient evidence exists in the record to support the finding of the trial court, as factfinder, this appellate court is precluded from overturning that finding and must affirm. *O'Connell* at 248, 555 A.2d 873.

4. The parties stipulated that the breathalyzer machine was properly calibrated (N.T. at 5–6).

brated breathalyzer machine indicates a "deficient sample", without medical proof that the licensee was unable to supply sufficient air, such "deficient sample" constitutes a *per se* refusal.

■ DOT argues that it is entitled to an award of reasonable attorney's fees and costs because Lohner's appeal is frivolous within the meaning of Pa.R.A.P. 2744. Neither party cites any case which concludes that a test which registers a "deficient sample" constitutes a *per se* refusal. Thus, we do not find that Lohner's appeal was frivolous so as to give rise to an award of attorney's fees. Affirmed.

### ORDER

AND NOW, this 21st day of April 1993, the order of the Court of Common Pleas of Allegheny County, dated June 3, 1992, is affirmed.