**Anne Marie VALANIA, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 18, 1997.

Decided June 10, 1997.

Joseph T. Heber, Allentown, for appellant.

Timothy P. Wile, Assistant Counsel In–Charge, and Harold H. Cramer, Assistant Chief Counsel, Harrisburg, for appellee.

Before FRIEDMAN and LEADBETTER, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

Ann Marie Valania (Licensee) appeals from an order of the Court of Common Pleas of Luzerne County (trial court) dismissing Licensee's appeal from a one-year suspension of her operating privileges imposed by the Pennsylvania Department of Transportation (DOT) pursuant to section 1547 of the Vehicle Code.[1] We reverse.

The trial court held a hearing on Licensee's statutory appeal. At the hearing, DOT's sole witness was Officer Athanios Mililios, a police officer for the City of Allentown. Based on the officer's testimony, the trial court found that, on September 17, 1994, Officer Mililios was on patrol and observed Licensee operating a vehicle in an erratic fashion; in fact, the vehicle almost struck him. The officer stopped the vehicle, spoke with Licensee and conducted a field test, which Licensee failed. Officer Mililios then arrested Licensee and transported her to police headquarters for chemical testing.

At headquarters, Licensee was placed in the custody of Officer Paul Wargo, the intoxilyzer operator. DOT presented a videotape of Officer Wargo testing Licensee. Officer Mililios testified that Licensee submitted to the chemical test prior to the videotaping but, in performing the test, Licensee provided "inconsistent breaths."[2]

Based on the evidence presented,[3] the trial court concluded that Licensee refused to submit to chemical testing because she supplied

---

1. Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547 (emphasis added), provides in pertinent part as follows:

    (a) **General rule.**-Any person who drives, operates or· is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has *reasonable grounds* to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

    (1) while under the influence of alcohol or a controlled substance or both. . . .

    (b) **Suspension for refusal.**-

    (1) If any person *placed under arrest* for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, *[DOT] shall* suspend the operating privilege of the person for a period of 12 months.

2. Officer Mililios testified about "inconsistent breaths" after he was asked to identify the intoxilyzer printout and to verify the test results:

    Q  Can you identify Commonwealth's Exhibit 2?
    A  This is the printout that comes from the Intoxilyzer 5000 after a test.
    Q  And that was the testing from that particular early morning hours, was it not?
    A  Yes.

    . . . .

    Q  [T]he result was as on the printout, correct?
    A  Yes, inconsistent breaths. And per policy, if you have inconsistent breaths, you're to request another test.
    (N.T. at 16.)

3. Licensee testified on her own behalf, acknowledging that she was given several chances to take the test, and that Officer Wargo advised her that she would lose her license if she did not take the test.

"insufficient" breath samples. Thus, the trial court dismissed Licensee's appeal.

■ On appeal to this court,[4] Licensee argues that the trial court erred in dismissing her appeal based on its finding that Licensee provided "insufficient" breath samples. We agree.[5]

■ In order to establish that a licensee provided insufficient breath samples, DOT must present as evidence either the testimony of the administering officer or the printout form from a properly calibrated breathalyzer machine indicating a "deficient sample." *Pappas v. Department of Transportation, Bureau of Driver Licensing,* 669 A.2d 504 (Pa.Cmwlth.1996); *Department of Transportation, Bureau of Driver Licensing v. Lohner,* 155 Pa.Cmwlth. 185, 624 A.2d 792 (1993). Here, the administering officer did not testify. Moreover, the printout form from the breathalyzer does *not* indicate that Licensee provided a "deficient sample."[6] (DOT's exh. 2.) Because there is no testimony or documentary evidence that Licensee supplied "insufficient" breath samples, which would constitute a refusal, we conclude that the trial court erred in basing its decision on such a finding.[7]

■ DOT argues that this court should nevertheless affirm the trial court's opinion because Licensee's "inconsistent breaths" *caused* the test results to vary by more than 0.020%, which invalidates the test, and because Licensee refused to submit to further testing. First, we are not certain that Officer Mililios testified to "inconsistent breaths" rather than "inconsistent tests," as noted above. Moreover, DOT has presented no expert testimony to show that "inconsistent breaths"[8] *cause* an intoxilyzer device to produce test results which differ by more than 0.020%. In addition, DOT has cited no case law, nor have we found any, to support this contention. Thus, we decline to affirm the trial court on this basis.

Because there is no evidence here that either of the officers invalidated the test, took the intoxilyzer out of service and then asked Licensee to submit to another chemical test on a different intoxilyzer, we reverse.

LEADBETTER, J., dissents.

### ORDER

AND NOW, this 10th day of June, 1997, the order of the Court of Common Pleas of

---

4. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court made an error of law or committed an abuse of discretion in coming to a decision. *Department of Transportation, Bureau of Driver Licensing v. Marpoe,* 157 Pa.Cmwlth. 603, 630 A.2d 561 (1993), *appeal denied,* 536 Pa. 648, 639 A.2d 34 (1994).

5. DOT concedes in its brief that Licensee's refusal in this case was *not* based on her failure to provide sufficient breath samples. (DOT's brief at 9.) Indeed, the trial court improperly equates the terms "inconsistent" and "insufficient." It is apparent that, when Officer Mililios was shown the test results and testified regarding "inconsistent breaths," he was actually referring to the "inconsistent *tests*." Inconsistent tests occur when a breathalyzer machine yields test results which vary by more than 0.020%. (*See* DOT's exh. 2.) Officer Mililios properly stated that, in such cases, the administering officer must request an additional test.

6. The printout form from a breathalyzer machine will indicate when a breath sample is deficient. *Lohner* (printout indicated "deficient sample"); *Department of Transportation, Bureau of Driver Licensing v. Pestock,* 136 Pa.Cmwlth. 694, 584

A.2d 1075 (1990) (printouts indicated "deficient sample").

Here, the printout shows only that, as a matter of law, the machine was malfunctioning. Indeed, under 67 Pa.Code § 77.24, where test results differ by more than 0.020%, the test is invalid, and the intoxilyzer must be removed from service. Thus, here, because the first blood alcohol reading was 0.274% and the second was 0.296%, the officers should have invalidated the test and removed the breathalyzer from service.

7. The videotape shows that, prior to administering the test, Officer Wargo asked Licensee if she had any health problems. Licensee replied that she was recovering from an upper respiratory infection. Reflecting upon this, Officer Wargo told Licensee that, if she could not provide sufficient breath samples for the test, he would not treat it as a refusal but, instead, would arrange for a blood test. At the conclusion of the test, Officer Wargo read the results to Licensee but said nothing about insufficient breath samples or a blood test.

8. DOT evidently believes that Officer Mililios used this phrase to describe Licensee's difficulty in blowing a steady breath into the intoxilyzer mouthpiece for the requisite period of time.

Luzerne County, dated May 30, 1996, is reversed.