**David L. DiCOLA**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING,** Appellant.

Commonwealth Court of Pennsylvania.

Submitted April 11, 1997.
Decided May 28, 1997.

Before FRIEDMAN and LEADBETTER, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

The Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Allegheny County (trial court) sustaining the statutory appeal of David L. DiCola (Licensee) from a one-year operator's license suspension imposed by DOT under section 1547 of the Vehicle Code.[1] We affirm.[2]

The trial court held a hearing in this case. At the hearing, Officer Michael Metzger testified that, on January 20, 1996, Licensee drove his vehicle through an alleged police roadblock; the officer pursued and stopped the vehicle. Officer Metzger further testified that Licensee had slurred speech, bloodshot eyes and a strong alcoholic odor emanating from his person. (Trial court's amended op. at 1.)

Officer Metzger subsequently arrested Licensee and transported him to a local police station. At the station, Officer Robert Steffy allegedly advised Licensee of the implied consent law and requested that Licensee submit to chemical testing. Licensee supplied one sufficient breath sample and attempted to supply a second sample, but was unable to do so. Officer Steffy recorded a refusal, and, as a result, DOT suspended Licensee's operating privileges for a one-year period. (Trial court's amended op. at 1.)

Before the trial court, Officer Metzger admitted on cross-examination that, in certain

Timothy P. Wile, Assistant Counsel In–Charge, and Harold H. Cramer, Assistant Chief Counsel, Harrisburg, for appellant.

Shawn M. Stevenson, Pittsburgh, for appellee.

1. Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547 (emphasis added), provides in pertinent part as follows:

    **(a) General rule.**-Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if *a police officer* has *reasonable grounds* to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:
    (1) while under the influence of alcohol or a controlled substance or both. . . .

    **(b) Suspension for refusal.**-
    (1) If any person *placed under arrest* for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, [DOT] shall suspend the operating privilege of the person for a period of 12 months.

2. The trial court initially filed an opinion on October 16, 1996. However, several weeks later, on November 3, 1996, the trial court filed an amended opinion which set forth a different basis for its decision to sustain Licensee's statutory appeal.

respects, his testimony was in direct conflict with his prior testimony at Licensee's preliminary hearing.[3] Officer Metzger also conceded that his recall of the events that occurred on January 20, 1996 was clearer at the preliminary hearing. For these reasons, the trial court rejected Officer Metzger's entire testimony. Absent Officer Metzger's testimony, the trial court could only conclude that there were no reasonable grounds to believe that Licensee was driving under the influence of alcohol.[4] Thus, the trial court sustained Licensee's appeal.

On appeal to this court,[5] DOT argues that the trial court abused its discretion in rejecting Officer Metzger's testimony about those things which gave him reasonable grounds to believe that Licensee was driving under the influence of alcohol.[6] We disagree.

In a license suspension case, the trial judge does not sit as an automaton which is required to accept as credible everything to which an arresting officer testifies on the stand. *McCullough v. Department of Transportation,* 165 Pa.Cmwlth. 371, 645 A.2d 378 (1994). As the factfinder, the trial court is free to accept or reject any testimony in whole or in part, subject only to review by this court for an abuse of discretion. *Id.*

Here, we do not believe that the trial court abused its discretion when it rejected the entire testimony of Officer Metzger because portions of the officer's testimony were in direct conflict with his prior testimony at Licensee's preliminary hearing. Thus, having found Officer Metzger's testimony to be incredible, the trial court properly concluded that the officer lacked reasonable grounds to believe that Licensee was driving under the influence of alcohol.[7]

We next address whether Licensee is entitled to an award of counsel fees because DOT's appeal is frivolous. Under Rule 2744 of the Pennsylvania Rules of Appellate Procedure, an appellate court may award reasonable counsel fees if it determines that an

---

3. Officer Metzger testified before the trial court that: (1) on January 20, 1996, because of flooding problems, he was dispatched to the Bigelow Boulevard entrance to the Veterans Street Bridge in order to block off the ramp leading to the bridge; (2) *he set up a roadblock and got out of his police car;* (3) Licensee failed to stop for the roadblock; (4) the officer got in his police car, pursued and stopped the vehicle; (5) the officer observed that Licensee had slurred speech, blood-shot eyes and a *strong* odor of alcohol; (6) the officer administered field sobriety tests; (7) Licensee did poorly on the tests; and (8) the officer arrested Licensee. (R.R. at 8a–10a.)

   At Licensee's preliminary hearing, Officer Metzger had testified that: (1) he did *not* actually have the roadblock set up when Licensee drove by him; (2) he *never* got out of his police car; and (3) Licensee had only a *moderate* odor of alcohol on his person. (R.R. at 11a–12a.)

4. The trial court also concluded that Officer Metzger did not have reasonable grounds to stop Licensee.

5. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court made an error of law or committed an abuse of discretion in coming to a decision. *Department of Transportation, Bureau of Driver Licensing v. Marpoe,* 157 Pa.Cmwlth. 603, 630 A.2d 561 (1993), *appeal denied,* 536 Pa. 648, 639 A.2d 34 (1994).

6. DOT also argues that the trial court erred in sustaining Licensee's appeal based on the propriety of the initial traffic stop. In his brief, Licensee concedes that, under *Department of Transportation v. Wysocki,* 517 Pa. 175 535 A.2d 77 (1987), and *Glass v. Department of Transportation, Bureau of Traffic Safety,* 460 Pa. 362, 333 A.2d 768 (1975), the legality of the traffic stop is irrelevant here. (Licensee's brief at 12–13.)

   Thus, Licensee correctly points out that the only relevant issue in this appeal is whether the trial court abused its discretion in holding that Officer Metzger's testimony was not credible, and that, based on that credibility determination, Officer Metzger lacked reasonable grounds to believe that Licensee was driving under the influence of alcohol.

7. DOT also contends that the trial court erred in failing to find that Officer Steffy had reasonable grounds to believe that Licensee was driving under the influence of alcohol. However, because DOT did not raise this issue in its Statement of the Questions Involved, we need not address it here. *See* Pa. R.A.P. 2116. Nevertheless, we point out that, because Officer Steffy had no independent way of knowing that Licensee was driving a vehicle, Officer Steffy's reasonable grounds would have to be derived from Officer Metzger. Because Officer Metzger's testimony was not accepted, DOT cannot show that Officer Steffy had the necessary reasonable grounds.

appeal is frivolous.[8]  Basing an appeal solely upon facts which are contrary to the factual findings of the trial court, the sole arbiter of credibility, has been held to be frivolous. *Morrell v. Department of Transportation, Bureau of Traffic Safety*, 133 Pa.Cmwlth. 338, 575 A.2d 171 (1990).  Here, DOT's appeal is based solely on the testimony of Officer Metzger, which the trial court rejected in its entirety.  Although DOT claims that the trial court abused its discretion in making this credibility determination, DOT presents no legitimate reasoning to support this claim.  Therefore, we grant Licensee's request for counsel fees.

Accordingly, we affirm the decision of the trial court and remand this case to the trial court for a determination of reasonable counsel fees.

### ORDER

AND NOW, this 28th day of May, 1997, the order of the Court of Common Pleas of Allegheny County (trial court), dated August 8, 1996, is affirmed, and this case is remanded to the trial court for a determination of reasonable counsel fees.

Jurisdiction relinquished.

---

8.  The court may remand the case to the trial court to determine such fees.  Pa. R.A.P. 2744.