**Richard A. REINHART**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 9, 2008.

Decided Aug. 12, 2008.

Michelle A. Fioravanti, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Timothy Peter Wile, Lansdale, for appellee.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SIMPSON.

The Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals an order of the Court of Common Pleas of Montgomery County (trial court) that sustained Richard A. Reinhart's (Licensee) appeal of a one-year suspension of his operating privilege based on his reported refusal to submit to chemical testing.[1] PennDOT asserts the trial court erred in sustaining Licensee's appeal where the credited evidence established Licensee deliberately failed to provide two adequate breath samples after initially agreeing to submit to a breathalyzer test. Contrary to PennDOT's version of events, the trial court determined Licensee did, in fact, provide two sufficient breath samples and, therefore, did not refuse chemical testing. Because the trial court's determinations are amply supported by the record, we affirm. In addition, because PennDOT's appeal is based entirely on its own rendition of the facts, which are contrary to the facts found by the trial court, we conclude the appeal is frivolous, and we remand for a determination of counsel's fees and costs to be awarded.

The facts of this case are as follows. PennDOT notified Licensee of a one-year suspension of his operating privilege as a result of his reported refusal to submit to chemical testing. Licensee filed a statutory appeal with the trial court.

At the ultimate hearing[2] before the trial court, PennDOT presented the testimony

1. *See* Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547. Section 1547 is commonly referred to as the "Implied Consent Law." This Section states any person who drives a vehicle in the Commonwealth is deemed to have given his consent to one or more chemical tests of breath, blood or urine for purposes of determining blood alcohol content if a police officer has reasonable grounds to believe the person drove the vehicle under the influence of alcohol or a controlled substance. Section 1547(b)(1)(i) states, "If any person placed under arrest [for driving under the influence of alcohol] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice the department shall suspend the operating privilege of the person ... for a period of 12 months." 75 Pa.C.S. § 1547(b)(1)(i).

2. The trial court initially denied Licensee's statutory appeal after hearing; however, the trial court subsequently granted Licensee's timely petition for reconsideration and/or re-

of Horsham Township Police Officers Darin Daley and Adam Dunning. Officer Daley testified he was dispatched to investigate a one-vehicle accident at 650 Marston Green Court, Horsham Township. Upon arrival, he observed a vehicle off the roadway in the front yard. Shortly thereafter, Licensee approached Officer Daley and told the officer he had been in an accident and was intoxicated. Responding to a radio call, Officer Dunning then arrived at the scene and observed Licensee speaking with Officer Daley.

Both officers detected the odor of alcohol on Licensee's breath. The officers also noted Licensee had difficulty standing, and he had watery, bloodshot eyes. After Licensee failed field sobriety tests, Officer Dunning arrested Licensee for driving under the influence (DUI) and transported him to the Horsham Township police station.

Officer Dunning advised Licensee of the Implied Consent Law and explained the consequences of refusing to submit to a chemical test. Licensee subsequently agreed to submit to a chemical breath test. Officer Daley, a certified BAC DataMaster operator, administered the breathalyzer test to Licensee. Licensee blew into the machine twice, causing the LED screen to show two different readings. The first sample registered 0.153, and the second sample registered 0.187. Because the second sample was 0.034 higher than the first sample, the breathalyzer machine stopped and printed out an evidence ticket indicating there was a "sample deviation." Reproduced Record (R.R.) at 59a; *see* 67 Pa.Code § 77.24(b)(2)(i) (if a difference of 0.020 or more exists between two breaths samples, the test results are disregarded and the breathalyzer machine is removed from service).

Officer Daley testified he believed Licensee was merely puffing out his cheeks and not blowing into the machine for the second breath sample. Believing Licensee deliberately did not breathe into the machine properly on his second breath, Officer Daley recorded a refusal. Neither officer requested Licensee submit to a subsequent chemical test.

Licensee presented the testimony of Horsham Township Police Officer Michael E. Peter, who is a certified DataMaster operator. Officer Peter explained that if a person fails to provide an adequate breath sample, the DataMaster indicates "insufficient sample." R.R. at 51a. In contrast, the machine indicates "sample deviation" if a person gives two adequate breath samples that differ by 0.020 or more between the two readings. *Id.* Officer Peter further confirmed that he calibrated the machine on the same day Licensee was given the breath test and that he was unaware of any problem with the device.

The trial court determined PennDOT failed to prove Licensee refused to submit to chemical testing. In reaching this determination, the trial court acknowledged Officer Daley testified he charged Licensee with a refusal based on his belief that Licensee did not provide a sufficient sample during the second breath test. However, the trial court expressly determined Licensee provided two sufficient breath samples and, therefore, did not refuse the breathalyzer test.

More specifically, the trial court stated Licensee provided two sufficient breath samples, both of which registered on the machine's LED screen. The trial court pointed out that on cross-examination Officer Daley stated Licensee gave two adequate samples because the DataMaster registered two readings. In addition, the

hearing. Reproduced Record (R.R.) at 74a, 79a.

trial court noted Officer Peter explained if a person does not provide a sufficient breath sample, the machine indicates insufficient sample. However, in this case the machine registered two numbers resulting in a sample deviation, rather than an insufficient sample. The trial court also determined, after the machine registered a sample deviation and shut down, the officers could have requested Licensee perform a new chemical test, but they did not do so. *See Lamond v. Dep't of Transp., Bureau of Driver Licensing,* 716 A.2d 1290 (Pa.Cmwlth.1998). Therefore, the trial court determined PennDOT did not establish Licensee's conduct constituted a refusal, and it sustained Licensee's appeal of the license suspension. PennDOT now appeals to this Court.

■ In order to sustain a license suspension under the Implied Consent Law, PennDOT must establish a licensee (1) was arrested for DUI based on reasonable grounds that he was operating a vehicle while under the influence of alcohol or a controlled substance; (2) was asked to submit to a chemical test; (3) refused to submit to the requested chemical test; and, (4) was warned that refusal would result in a license suspension. *Riley v. Dep't of Transp., Bureau of Driver Licensing,* 946 A.2d 1115 (Pa.Cmwlth.2008).

On appeal,[3] PennDOT argues the trial court erred in determining Licensee's conduct did not constitute a refusal. More specifically, PennDOT contends it is "undisputed" that Licensee did not provide a sufficient breath for the second breath sample which was required to complete the breath test. Appellant's Br. at 19.

Licensee responds the trial court's finding that he supplied the two sufficient breath samples required to complete the breath test is supported by the record, and, as a result, this finding cannot be disturbed. Based on this finding, Licensee asserts, the trial court correctly determined he did not refuse to submit to the breath test.

In reviewing this matter, we are mindful that it is not the province of this Court to make new or different findings of fact. *Hasson v. Dep't of Transp., Bureau of Driver Licensing,* 866 A.2d 1181 (Pa. Cmwlth.2005). Rather, we may only review the trial court's findings to determine if they are supported by substantial, competent evidence. *Riley.* As long as sufficient evidence exists that is adequate to support the facts found by the trial court as fact-finder, we are precluded from overturning those findings. *Dep't of Transp., Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989). Additionally, we must view the evidence in a light most favorable to the party that prevailed before the trial court. *McDonald v. Dep't of Transp., Bureau of Driver Licensing,* 708 A.2d 154 (Pa.Cmwlth.1998).

■ Determinations as to the credibility of witnesses and the weight assigned to the evidence are solely within the province of the trial court as fact-finder. *Hasson.* As fact-finder, the trial court may accept or reject the testimony of any witness in whole or in part. *DiCola v. Dep't of Transp., Bureau of Driver Licensing,* 694 A.2d 398 (Pa.Cmwlth.1997). Conflicts in the evidence are for the trial court to resolve and are improper questions for appellate review. *Hasson.* Thus, we must determine the issue of whether a licensee refused chemical testing "under the facts

3. Our review is limited to determining whether the trial court committed an error of law or abused its discretion, and whether necessary findings of fact were supported by substantial evidence. *Reinhart v. Dep't of Transp., Bureau of Driver Licensing,* 946 A.2d 167 (Pa.Cmwlth.2008).

found by the trial court [and] not under the testimony [PennDOT] prefers." *McDonald*, 708 A.2d at 156.

■ Failure to provide a sufficient breath sample constitutes a *per se* refusal. *Spera v. Dep't of Transp., Bureau of Driver Licensing*, 817 A.2d 1236 (Pa.Cmwlth. 2003). A refusal may be established where the breathalyzer administrator credibly testifies the licensee did not provide sufficient breath. *Pappas v. Dep't of Transp., Bureau of Driver Licensing*, 669 A.2d 504 (Pa.Cmwlth.1996). Alternatively, PennDOT may establish a refusal by presenting a printout from a properly calibrated breathalyzer indicating a "deficient sample." *Id.* PennDOT bears the burden of establishing a licensee failed to supply sufficient breath into the breathalyzer. *Id.*

Here, the trial court determined PennDOT did not meet its burden of establishing Licensee failed to supply sufficient breath samples. More particularly, the trial court determined:

> Turning to the issue of refusal, [Licensee] provided two breath samples, both of which registered readings on the DataMaster's LED screen. After the second test, the machine shut down and printed out an evidence slip indicating a sample deviation. . . .
>
> [Licensee] in the instant case was not asked to submit to a new round of chemical testing after the breathalyzer registered a sample deviation. [Licensee] did not have an opportunity to refuse a new set of breath tests. Consequently, [PennDOT] failed to prove by a preponderance of the evidence that [Licensee] refused to submit to chemical testing.
>
> In reaching this conclusion, the court acknowledged that Officer Daley testified that he charged [Licensee] with a refusal based upon his belief that [Licensee] did not provide a sufficient breath sample during the second test. *The evidence established, however, that [Licensee] provided two sufficient breath samples.*
>
> On cross-examination, Officer Daley stated that [Licensee] gave two adequate samples because the machine registered two readings. (N.T., 11/26/07, p. 27). Moreover, [Licensee] presented testimony from [Officer Peter], who certified the DataMaster in question. (N.T., 11/26/07, p. 37). [Officer] Peter stated that, in the event someone fails to provide a sufficient breath sample, the machine would indicate [an] insufficient sample. (N.T., 11/26/07, pp. 37–38).
>
> *The DataMaster did not indicate an insufficient sample, as [Officer] Peter testified that it would; rather it registered two numbers resulting in a deviation of sample. Accordingly, [PennDOT] did not demonstrate that [Licensee's] conduct equated to a refusal.*
>
> Finally, [PennDOT] attempted to show that a person could manipulate the DataMaster to produce a sample deviation. (N.T., 11/26/07, p. 41–42). In particular, [Officer] Peter testified on cross-examination by [PennDOT] that it is possible for a result to be manipulated if a person belches while providing a breath sample. [PennDOT] offered no evidence whatsoever to support a finding that [Licensee] belched during the chemical testing.

Trial Court, Slip Op. at 4–6 (emphasis added). The trial court's determinations are supported by substantial record evidence. R.R. at 40a; 50a–51a; 55a. Based on these determinations, we reject PennDOT's primary argument that the evidence established Licensee deliberately failed to provide sufficient breath samples.

Nevertheless, PennDOT cites several cases holding that a licensee's deliberate

failure to provide sufficient breath samples is considered a refusal. *See Dep't of Transp., Bureau of Driver Licensing v. Boucher*, 547 Pa. 440, 691 A.2d 450 (1997); *Lucas v. Dep't of Transp., Bureau of Motor Vehicles*, 854 A.2d 639 (Pa.Cmwlth. 2004); *Postgate v. Dep't of Transp., Bureau of Driver Licensing*, 781 A.2d 276 (Pa.Cmwlth.2001); *Dep't of Transp., Bureau of Driver Licensing v. Lohner*, 155 Pa.Cmwlth. 185, 624 A.2d 792 (1993); *Dep't of Transp., Bureau of Driver Licensing v. Pestock*, 136 Pa.Cmwlth. 694, 584 A.2d 1075 (1990).

In all of these cases, however, the fact-finder determined the licensees deliberately failed to provide sufficient breath samples. The basis for these determinations was either credited testimony of the administering officer or an evidence ticket indicating the licensee provided an insufficient sample. Unlike in those cases, here the fact-finder determined Licensee provided two sufficient samples. In so doing, the trial court acknowledged Officer Daley's testimony that Licensee provided an insufficient sample, but instead relied on the evidence ticket that indicated "sample deviation," rather than "deficient sample." [4] Under these facts, the trial court properly determined Licensee's conduct did not constitute a refusal.[5]

As a final issue, Licensee requests an award of counsel fees and costs pursuant to Pa. R.A.P. 2744. Licensee argues, despite PennDOT's blanket assertions to the contrary, the trial court rejected Officer Daley's testimony concerning his subjective belief that Licensee deliberately failed to provide a sufficient breath sample on the second test. Rather, the trial court found the evidence established Licensee provided two sufficient breath samples. Licensee contends PennDOT simply ignores the trial court's necessary findings and

---

4. For example, PennDOT relies on *Lohner*, in which this Court held a breath sample is invalid if the evidence ticket accompanying it indicates a "deficient sample." In *Lohner*, although the licensee provided two breath samples, "the trial court specifically found that [the licensee] made only one valid breath test." *Id.* at 794. In upholding the trial court's decision dismissing Licensee's appeal, this Court stated, "[the licensee] submitted to the breathalyzer twice; however, the trial court specifically found that [the licensee] made only one valid breath test. The trial court determined that [the licensee's] second sample was invalid because the breathalyzer machine printout registered a "deficient sample". The trial judge also stated that [the licensee] 'would not blow properly for the second test.' " *Id.*

*Lohner* is distinguishable because unlike in that case, the trial court here specifically found Licensee provided two adequate breath samples. In so doing, the trial court relied on the DataMaster evidence ticket that indicated "sample deviation," *not* "deficient sample." In addition, the trial court rejected Officer Daley's testimony that Licensee did not provide two sufficient breath samples.

PennDOT also relies heavily on *Lucas*. In *Lucas*, the trial court found the licensee failed to form a seal on the breathalyzer mouthpiece. Because of the licensee's inability to form a proper seal on the mouthpiece, the trial court found the licensee did not provide a sufficient breath sample during the breath test. Here, unlike in *Lucas*, the trial court specifically found Licensee provided two sufficient breath samples, and that PennDOT offered no evidence to support a finding that Licensee attempted to manipulate the test.

5. When a sample deviation occurs, and, as a result, the breath test is rendered a nullity, a police officer is justified in requesting a licensee to submit to another chemical test. *See Lamond v. Dep't of Transp., Bureau of Driver Licensing*, 716 A.2d 1290 (Pa.Cmwlth.1998). Here, unlike in *Lamond*, Officer Daley did not acknowledge the DataMaster malfunctioned or request Licensee submit to another chemical test after the machine registered a sample deviation. Because Officer Daley did not request another chemical test, Licensee did not have the opportunity to refuse testing and, as a result, his conduct did not constitute a refusal to submit to testing.

instead substitutes its own version of the facts. As such, Licensee asserts, PennDOT's appeal of the trial court's decision lacks a basis in fact. We agree.

Pennsylvania Rule of Appellate Procedure 2744 states, in pertinent part:

[A]n appellate court may award as further costs and damages as may be just, including

(1) a reasonable counsel fee and

(2) damages for delay at the rate of 6% *per annum* in addition to legal interest, if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa. R.A.P. 2744. This Court defines a frivolous appeal as one in which "no justifiable question has been presented and ... [that] is readily recognizable as devoid of merit in that there is little prospect of success." *Pa. Dep't of Transp. v. Workmen's Comp. Appeal Bd. (Tanner)*, 654 A.2d 3, 5 (Pa.Cmwlth.1994) (citation omitted) (soverign immunity does not bar award of attorney's fees against PennDOT). A frivolous appeal is one lacking any basis in law or fact. *Id.*

An award of attorney's fees against a government entity for pursuing a frivolous appeal is not without precedent in this Commonwealth. *See DiCola* (attorney's fees imposed against PennDOT in license suspension case where PennDOT's merely challenged trial court's credibility determinations); *Tanner* (attorney's fees imposed against PennDOT in workers' compensation matter where PennDOT asked court to reweigh the evidence on appeal). An illustrative case is *DiCola.* In that case, the trial court sustained a

licensee's appeal of a one-year suspension of his operating privilege based on the licensee's reported refusal to submit to chemical testing. In so doing, the trial court rejected the arresting officer's testimony that he had reasonable grounds to believe the licensee operated his vehicle under the influence. PennDOT appealed, arguing the trial court abused its discretion in rejecting the arresting officer's testimony about those things which gave him reasonable grounds to believe the licensee was driving under the influence of alcohol. We rejected this argument, and awarded the licensee attorney's fees on the ground PennDOT's appeal was frivolous. Speaking through Judge Friedman, this Court explained:

Under [Pa. R.A.P. 2744], an appellate court may award reasonable counsel fees if it determines that an appeal is frivolous. Basing an appeal solely upon facts which are contrary to the factual findings of the trial court, the sole arbiter of credibility, has been held to be frivolous. [*Morrell v. Dep't of Transp., Bureau of Traffic Safety*, 133 Pa.Cmwlth. 338, 575 A.2d 171 (1990)]. Here, [Penn]DOT's appeal is based solely on the testimony of [the arresting officer], which the trial court rejected in its entirety. Although [Penn]DOT claims that the trial court abused its discretion in making this credibility determination, [Penn]DOT presents no legitimate reasoning to support this claim. Therefore, we grant [the][l]icensee's request for counsel fees.

*DiCola*, 694 A.2d at 400–401. Thus, basing an appeal solely on facts contrary to those found by the trial court is frivolous. *See Postgate; DiCola; Morrell.*

Here, as Licensee correctly asserts, PennDOT's appeal centers on a reargument of its own version of the facts. More particularly, PennDOT's entire argument is based on its claim that the trial court

credited Officer Daley's testimony that Licensee failed to provide two sufficient breath samples. As noted above, however, this claim is contrary to the finding made by the trial court. Because it is clear that this Court is bound by the facts found by the trial court, which are clearly supported by the record, we conclude PennDOT's appeal is frivolous, entitling Licensee to attorney's fees and costs.

Based on the foregoing, we affirm the trial court's order and remand this matter to the trial court for a determination of reasonable attorney's fees and costs.

## ORDER

AND NOW, this 12th day of August, 2008, the order of the Court of Common Pleas of Montgomery County is **AFFIRMED**. Pursuant to Pa. R.A.P. 2744, attorney's fees and costs are granted to Richard A. Reinhart and this matter is **REMANDED** to the Court of Common Pleas of Montgomery County for a determination of reasonable attorney's fees and costs.

Jurisdiction relinquished.