IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jody Kris | : | |
| | : | |
| v. | : | No. 450 C.D. 2021 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | Submitted: September 16, 2022 |

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                    FILED: November 18, 2022

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from the April 1, 2021 Order of the Court of Common Pleas of Bedford County (Trial Court), which sustained the statutory appeal of Jody Kris (Licensee) from the one-year suspension of her operating privilege imposed by DOT pursuant to Section 3804(e)(2)(i) of the Vehicle Code, 75 Pa. C.S. § 3804(e)(2)(i).[1] For the reasons that follow, we reverse the Trial Court's Order and direct DOT to reinstate the one-year suspension of Licensee's operating privilege.

## Background

On July 6, 2011, Licensee was admitted into an accelerated rehabilitative disposition (ARD) program for a violation of Section 3802(a)(2) of the Vehicle

---

[1] Section 3804(e)(2)(i) of the Vehicle Code provides: "Suspension under paragraph (1) shall be in accordance with the following: (i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.". 75 Pa. C.S. § 3804(e)(2)(i).

Code, 75 Pa. C.S. § 3802(a)(2) (relating to driving under influence of alcohol or controlled substance (DUI) – general impairment),[2] which she successfully completed. Nine years later, on July 28, 2020, Licensee was again convicted of DUI as an ungraded misdemeanor. On August 19, 2020, DOT imposed a one-year suspension of Licensee's operating privilege, effective September 23, 2020, pursuant to Section 3804(e)(2)(i) of the Vehicle Code.

Licensee appealed to the Trial Court, which held a *de novo* hearing on January 14, 2021. Before the Trial Court, Licensee argued that, in light of the Pennsylvania Superior Court's holding in *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020),[3] her 2011 ARD could not be considered a prior DUI offense under Section 3806(a)(1) of the Vehicle Code, 75 Pa. C.S. § 3806(a)(1).[4] DOT, on the other hand,

---

[2] Section 3802(a)(2) of the Vehicle Code provides:

An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa. C.S. § 3802(a)(2).

[3] Recently, an *en banc* panel of the Superior Court expressly overruled *Chichkin* in *Commonwealth v. Moroz*, __ A.3d __ (Pa. Super., No. 282 MDA 2021, filed October 4, 2022) (*en banc*).

[4] Section 3806(a)(1) of the Vehicle Code states:

[T]he term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, *acceptance of [ARD]* or other form of preliminary disposition before the sentencing on the present violation for any of the following:

**(Footnote continued on next page…)**

2

argued that *Chichkin* did not impact its authority to impose a civil operating privilege suspension for Licensee's second DUI conviction as an ungraded misdemeanor.

In *Chichkin*, the Superior Court concluded that acceptance of ARD cannot count as a "prior offense" under Section 3806(a)(1) of the Vehicle Code with respect to the criminal sentencing provisions of the Vehicle Code.[5] Specifically, the *Chichkin* Court held that Section 3806(a)(1) is unconstitutional as applied when a previous ARD is used to enhance the criminal sentence of a defendant who is convicted of another DUI violation.

On April 1, 2021, the Trial Court entered an Order sustaining Licensee's statutory appeal. In its subsequent Pa.R.A.P. 1925(a) Opinion, the Trial Court explained the reason for its ruling as follows:

> While we understand [DOT's] arguments regarding the differences between the civil nature of a license suspension [and] the criminal penalties discussed in *Chichkin*, we ultimately find them unpersuasive. Under the clear, unambiguous language of 75 Pa.C.S.[] § 3804, [Licensee's] operating privileges cannot be suspended if she has "no prior offense." *See* 75 Pa.C.S.[] § 3802(e)(2)(iii). And, in *Chichkin*, the Superior Court has held that 75 Pa.C.S.[] § 3806(a) as it applies to [Licensee's] exact circumstances, is unconstitutional. Therefore, inasmuch as [Licensee] did not – in accord with *Chichkin* – have a "prior offense" at the time of her 2020 conviction under 75 Pa.C.S.[] § 3802(a)(1), we rescinded the suspension imposed by [DOT].

---

> (1) *an offense under [S]ection 3802 [of the Vehicle Code]* (relating to [DUI])[] . . . .

75 Pa. C.S. § 3806(a)(1) (emphasis added).

[5] *See* Section 3804(a)-(d) of the Vehicle Code, 75 Pa. C.S. § 3804(a)-(d) (setting forth the criminal penalties to be imposed for DUI violations).

3

Trial Ct. 1925(a) Op., 7/9/21, at 3 (footnotes omitted). DOT now appeals to this Court.[6]

### Analysis

On appeal, DOT asserts that the Trial Court erred in applying *Chichkin*'s holding to this case. DOT contends that "*Chichkin* has no impact upon an operating privilege suspension imposed in accordance with [Section] 3804(e)(2)(i), because a prior ARD-DUI is not being used to enhance a criminal punishment." DOT Br. at 10.[7] In response, Licensee asserts that *Chichkin*'s holding that acceptance into an ARD program is not a "prior offense" under Section 3806(a)(1) of the Vehicle Code "has to apply to the suspension of operating privileges because the underlying act or fact for the basis of the suspension is a crime or criminal act, operating a motor vehicle while intoxicated." Licensee Br. at 3 (unpaginated). We agree with DOT.

In *Ferguson v. Department of Transportation, Bureau of Driver Licensing*, 267 A.3d 628 (Pa. Cmwlth. 2021) (*en banc*), *appeal granted*, 280 A.3d 859 (Pa., No. 28 MAL 2022, filed June 22, 2022), this Court recently held that *Chichkin* does not

---

[6] Our review in a license suspension appeal is limited to determining whether the Trial Court committed an error of law or abused its discretion or whether the Trial Court's factual findings are supported by substantial evidence. *Reinhart v. Dep't of Transp., Bureau of Driver Licensing*, 954 A.2d 761, 765 n.3 (Pa. Cmwlth. 2008).

[7] In its Pa.R.A.P. 1925(b) Statement, DOT also asserted that the Trial Court erred in allowing Licensee to appeal *nunc pro tunc* because her untimely appeal was not due to non-negligent circumstances involving fraud or an administrative breakdown. Reproduced Record at 62a-63a. However, DOT has abandoned that issue in its appellate brief, so we need not address it. In any event, the Trial Court determined that Licensee "placed the factual basis for the *nunc pro tunc* relief on the record which, if believed, established that [she] did not receive timely notice of the suspension and acted with due diligence to file the appeal" and "which was uncontested by [DOT]." Trial Ct. 1925(a) Op., 7/9/21, at 2.

4

apply to civil license suspension appeals.[8]  In *Ferguson*, the licensee was charged with DUI in violation of Section 3802(a)(1) (an ungraded misdemeanor) in 2012 and was accepted into an ARD program, which he successfully completed.  *Id.* at 630.  In 2020, the licensee pled guilty to a second DUI charge in violation of Section 3802(a)(1) (also an ungraded misdemeanor).  *Id.*  Thereafter, DOT suspended the licensee's operating privilege for one year under Section 3804(e)(2)(i) of the Vehicle Code.  *Id.*

On appeal to this Court, the licensee argued that, pursuant to the Superior Court's decision in *Chichkin*, his acceptance of ARD in 2012 could not be considered a prior DUI offense under Section 3806(a)(1), where he successfully completed ARD, which involved no proof or admission of guilt, and the DUI charge was dismissed.  *Id.* at 631.  Thus, the licensee argued that DOT had no authority to impose a license suspension because he met the exception in Section 3804(e)(2)(iii) of the Vehicle Code, 75 Pa. C.S. § 3804(e)(2)(iii), which states that "[t]here shall be no license suspension for an ungraded misdemeanor under [S]ection 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense."  *Id.*  The licensee also argued that allowing DOT to treat his acceptance of ARD as a prior DUI offense would violate procedural and substantive due process.  *Id.*

This Court disagreed, explaining that while an ARD program is criminal in nature, a license suspension resulting from participation in ARD is civil in nature; thus, it is a collateral consequence of the criminal proceeding.  *Id.* at 632.  The *Ferguson* Court held:

---

[8] *Ferguson* was decided on December 22, 2021, after the parties filed their appellate briefs with this Court.

5

Because the *Chichkin* Court ruled that the portion of Section 3806(a) of the Vehicle Code that defines a prior acceptance of ARD in a DUI case as a "prior offense" is unconstitutional for purposes of subjecting a defendant to a mandatory minimum criminal sentence under Section 3804 of the Vehicle Code, *Chichkin* specifically applies to Section 3804(a)-(d) of the Vehicle Code, i.e., the criminal sentencing provisions. Section 3804(e) of the Vehicle Code[, 75 Pa.C.S. § 3804(e),] expressly refers to "[s]uspension of operating privileges upon conviction," i.e., the *collateral civil consequence* thereof. Accordingly, *because license suspensions are civil proceedings, the Chichkin ruling does not invalidate Section 3806(a) of the Vehicle Code for civil license suspension purposes*.

*Id.* (internal citations omitted) (emphasis added).

Applying *Ferguson* to the facts of this case, we conclude that *Chichkin* is inapplicable to a civil license suspension appeal. Therefore, we conclude that Licensee's acceptance of ARD in 2011 constitutes a prior DUI offense under Section 3806(a)(1) of the Vehicle Code and, as such, DOT properly imposed a one-year suspension of her operating privilege under Section 3804(e)(2)(i) of the Vehicle Code.

## Conclusion

Based on this Court's decision in *Ferguson*, which is binding precedent, we conclude that *Chichkin* is inapplicable to a civil license suspension appeal and, therefore, Licensee's 2011 ARD constitutes a prior DUI offense under Section 3806(a)(1) of the Vehicle Code. Accordingly, we reverse the Trial Court's Order and direct DOT to reinstate the one-year suspension of Licensee's operating privilege.

_____
ELLEN CEISLER, Judge

Judge Wallace did not participate in the decision of this case.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jody Kris | : | |
| | : | |
| v. | : | No. 450 C.D. 2021 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

**O R D E R**

AND NOW, this 18th day of November, 2022, the April 1, 2021 Order of the Court of Common Pleas of Bedford County is hereby REVERSED, and the Department of Transportation, Bureau of Driver Licensing, is hereby DIRECTED to reinstate the one-year suspension of Jody Kris's operating privilege.

_____
ELLEN CEISLER, Judge