# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rory M. Burns, : 
                Appellant : 
: 
        v. : No. 877 C.D. 2023
: SUBMITTED: September 9, 2024
Commonwealth of Pennsylvania, : 
Department of Transportation, : 
Bureau of Driver Licensing : 

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## <u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: October 15, 2024**

Licensee, Rory M. Burns, appeals from an order of the Court of Common Pleas of Cumberland County denying his statutory appeal and reinstating the Department of Transportation, Bureau of Driver Licensing's imposition of an 18-month suspension of his operating privilege for refusing to submit to chemical testing pursuant to Section 1547(b)(1)(ii) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(ii).[1] We affirm.

In March 2023, the trial court conducted a *de novo* hearing at which Licensee and Camp Hill Borough police officer Nathan Sellers testified and two exhibits were accepted into evidence: the Department's Exhibit C-1 (the packet of

---

[1] Section 1547, commonly referred to as the Implied Consent Law, permits chemical testing of drivers under certain circumstances. An 18-month suspension is warranted when a licensee commits a second violation of Section 1547. 75 Pa.C.S. § 1547(b)(1)(ii).

supporting documentation) and Licensee's Exhibit 1 (a flash drive of the booking center video). Counsel for Licensee made stipulations at the hearing such that the only issue remaining was whether Licensee refused the officer's request to submit to chemical testing.[2] March 16, 2023 Hearing, Notes of Testimony (N.T.) at 4 and 6; Reproduced Record (R.R.) at 14a and 16a. Although the trial court's fact findings were limited to the refusal, Licensee acknowledged that the officer responded to a single-vehicle crash involving Licensee on Pennsylvania Route 581 in Cumberland County on January 2, 2022, that the officer arrested Licensee on suspicion of driving under the influence (DUI), and that the officer thereafter read verbatim the Department's DL-26B form to Licensee at the DUI room in the Cumberland County Prison. Licensee's Br. at 7.

Turning specifically to the refusal, the trial court found that the officer read the entire DL-26B form to Licensee and that, appearing agitated, he initially consented to submit to chemical testing. June 5, 2023 Trial Court Op. at 2-3. As the officer testified and the video depicts, Licensee placed his arm out onto the desk and said "affirmative." N.T. at 12-13; R.R. at 22a-23a. However, the trial court concluded that Licensee quickly negated his consent when the officer asked him to sign and date the DL-26B form. Licensee stated: "[L]et me read this whole thing, actually." Trial Court Op. at 2. Following what the trial court characterized as some "back and forth" between the officer and Licensee, Licensee "eventually said, 'as a

---

[2] In order to support an 18-month suspension, the Department had the burden of proving that Licensee (1) was arrested for violating Section 3802 of the Code, 75 Pa.C.S. § 3802, by a police officer who had reasonable grounds to believe that Licensee was operating or was in actual physical control of the movement of a vehicle while in violation of Section 3802 (i.e., while driving under the influence [DUI]); (2) was asked to submit to a chemical test; (3) refused to do so; (4) was specifically warned that a refusal would result in the suspension of his operating privilege; and (5) was subject to one of the statutory enhancement provisions in Section 1547(b)(1)(ii). *Garlick v. Dep't of Transp., Bureau of Driver Licensing*, 176 A.3d 1030, 1035 (Pa. Cmwlth. 2018).

2

law student I am somebody who knows you must read a case at least like five times before you can even understand what's in it,' before the officer forcibly removed the form from [Licensee.]" *Id*. at 3. Ultimately, the officer recorded a refusal. The trial court denied Licensee's statutory appeal and Licensee's appeal to this Court followed.[3]

On appeal, Licensee argues that his words and conduct evidenced clear consent to testing and that his desire to read the form upon being required to sign it did not negate his initial consent to testing. He maintains that holding out his arm for blood testing was consistent with his verbal consent, that his only inquiry was as to the implications of signing the form, and that his conduct never indicated his intent to withdraw his initial consent to submit to chemical testing.

In determining that Licensee's conduct constituted a refusal, the trial court reasoned as follows in concluding that Licensee wanted to stall and was not confused about his rights:

> The testimony from the officer and from [Licensee] and our review of the video of the interaction leads us to conclude that [Licensee] was not confused about his rights, was given a gratuitous opportunity to read the warnings himself, and displayed gamesmanship with the officer, most notably because [Licensee] did not indicate

---

[3] Whether a licensee's conduct constitutes a refusal to submit to chemical testing is a question of law, subject to plenary review by this Court. *McKenna v. Dep't of Transp., Bureau of Driver Licensing*, 72 A.3d 294, 298 (Pa. Cmwlth. 2013). This Court's role is to review the trial court's findings of fact and determine whether they are supported by substantial, competent evidence. *Riley v. Dep't of Transp., Bureau of Driver Licensing*, 946 A.2d 1115, 1119 n.1 (Pa. Cmwlth. 2008). We may not render new or different findings, and, if sufficient evidence exists that is adequate to support the facts as found by the trial court, we are precluded from overturning those findings. *Sitoski v. Dep't of Transp., Bureau of Driver Licensing*, 11 A.3d 12, 17 (Pa. Cmwlth. 2010). Further, this Court must view the evidence in a light most favorable to the party that prevailed before the trial court. *Reinhart v. Dep't of Transp., Bureau of Driver Licensing*, 954 A.2d 761, 765-66 (Pa. Cmwlth. 2008).

he had any questions but insisted that the officer was supposed to read the entirety of the form and that he failed to do so. We also specifically note that though [Licensee] insisted with the officer that he was still reading the form (and suggested he was entitled to do so), we find that [Licensee] here did not do so for any reason other than to stall or otherwise be adversarial with the officer.

Trial Court Op. at 3-4 (footnote omitted).

In ruling that Licensee refused to submit to testing, the trial court did not find this to be a situation, as Licensee seems to suggest, where the officer improperly recorded a refusal because a licensee declined to sign and date the DL-26B form.[4] Instead, the trial court rejected Licensee's testimony that his "law school training kind of kicked in" such that he believed that he "shouldn't sign [his] name to a legal document without actually having a firm grasp of what [he] was attaching himself to" and that he simply wanted to understand what he was signing. N.T. at 21; R.R. at 31a. In part, the following colloquy between the trial court and the officer is illustrative of how the trial court reached its determination:

THE COURT: What did you [the officer] see sign-wise from [Licensee] that made you believe that he was under the influence of alcohol? I'm trying to figure out what he appeared like to you when you were having this interaction with him at the DUI room.

THE WITNESS [officer]: Yeah. Sure. It was actually a crash that I responded to. He was faced the wrong direction on 581. I got him out, did field sobriety with

---

[4] In *Department of Transportation, Bureau of Driver Licensing v. Renwick*, 669 A.2d 934, 935 (Pa. 1996), the Supreme Court held that "the failure to sign a consent form does not per se constitute a refusal to submit to chemical testing." Pertinent here, the Court also determined that where "the record establishes that the licensee demonstrated a general unwillingness to submit to testing that was not based solely upon her refusal to sign the consent form . . . the licensee's conduct constituted a refusal." *Id*.

4

him. He was extremely hostile through field sobriety, refused the preliminary breath test. And that's when he was taken into custody. He was hostile through the whole interaction [and] very upset that he was being arrested for a DUI.

N.T. at 9-10; R.R. at 19a-20a. Accordingly, the trial court determined that Licensee refused to submit to chemical testing despite being afforded a meaningful opportunity to consent. Trial Court Op. at 4.

We agree with the trial court that Licensee's conduct constituted a refusal. *Park v. Dep't of Transp., Bureau of Driver Licensing*, 178 A.3d 274, 281 (Pa. Cmwlth. 2018) ("a licensee's refusal need not be expressed in words; a licensee's conduct may constitute a refusal"). As the Supreme Court reiterated in *Nardone v. Department of Transportation, Bureau of Driver Licensing*, 130 A.3d 738, 749 (Pa. 2015), overall conduct inconsistent with verbal acquiescence may demonstrate an unwillingness to assent to an officer's request to submit to testing. At all ends, it remains true that "anything other than an unqualified, unequivocal assent to a chemical test constitutes a refusal. . . . The crucial, determinative factor we glean from the cases is whether [the Department's] evidence shows that the licensee deliberately tried to delay or undermine the testing process." *Bomba v. Dep't of Transp., Bureau of Driver Licensing*, 28 A.3d 946, 951 (Pa. Cmwlth. 2011).

As the accepted evidence demonstrates, Licensee's conduct after initially consenting undermined the testing process and constituted a refusal. Both the credited testimony of the officer and the video support the trial court's conclusion that Licensee wanted to stall and was not confused as to his rights.[5] When a trial court finds that a licensee's conduct indicates that he was stalling for time and belies his claim that he was confused, an appellate court may not disturb those credibility

---

[5] As noted, this was Licensee's second violation of Section 1547.

5

determinations. *McCloskey v. Dep't of Transp., Bureau of Driver Licensing*, 722 A.2d 1159, 1163 (Pa. Cmwlth. 1999).

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rory M. Burns,                              :
                    Appellant               :
                                            :
          v.                                :          No. 877 C.D. 2023
                                            :
Commonwealth of Pennsylvania,               :
Department of Transportation,               :
Bureau of Driver Licensing                  :

# **O R D E R**


AND NOW, this 15th day of October, 2024, the order of the Court of Common Pleas of Cumberland County is hereby AFFIRMED.


_____
**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita